UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

Nº 11-cv-5257(JFB)
_____

SONIA BURGOS,

Appellant,

VERSUS

MARC A. PERGAMENT,

Appellee.
_____

**MEMORANDUM AND ORDER**
September 10, 2012
_____

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal from the bankruptcy proceeding of debtor Sonia Burgos ("Burgos" or "appellant"), under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). In particular, *pro se* appellant appeals from the August 18, 2011 Judgment of the Honorable Alan S. Trust ("Judge Trust") denying the appellant's discharge. On September 1, 2011, appellant filed a Notice of Appeal (the "Notice of Appeal") of the August 18, 2011 Judgment.[1] Appellee argues that the August 18, 2011 Judgment should be vacated on the following grounds: (1) her "constitutional rights to confrontation and due process were violated by the lack of the government's submissions of the proof of claims"; (2) she was denied the right "to challenge the alleged claims made by any of the enlisted secured creditors"; and (3) she was denied the effective assistance of counsel. (Appellant's Br. at 3, 4, 9, June 5, 2012, ECF No. 8.) Appellee argues that the appeal has no merit because appellant has failed to demonstrate that the Bankruptcy Court committed reversible error in denying the appellant's discharge. The Court has reviewed the issues raised by appellant under a *de novo* standard of review. For the reasons set forth below, after full consideration of appellant's claims and a thorough examination of the record, the Court determines that appellant's arguments are without merit and affirms the August 18,

---

[1] The appeal was not docketed by the Clerk of the District Court until October 28, 2011 because appellant had filed a motion for reconsideration in the Bankruptcy Court.

2011 Judgment in its entirety.[2] Specifically, appellant's argument concerning the filing of the proofs of claim has no basis in fact because eleven proofs of claim were filed. Additionally, appellant, as a Chapter 7 debtor who did not show the reasonable possibility of a surplus, did not have standing to challenge the creditors' claims. Finally, appellant pointed to no evidence in support of her ineffective assistance of counsel claim, and, in fact, represented herself at trial.

I. BACKGROUND

Appellant filed a Chapter 7 voluntary petition for relief on February 23, 2009. (A.[3] 7-9.) Appellee was subsequently appointed to serve as Trustee of the Bankruptcy Case, after which he conducted an investigation into the assets and liabilities of the appellant, which included an examination of the appellant pursuant to 11 U.S.C. § 341 ("341 Meeting"). (A. 54.) After the 341 Meeting, held on March 20, 2009, the Trustee discovered that appellant's Schedules A (Ownership of Real Property) (A. 14), B (Ownership of Personal Property) (A. 15-17), I (Statement of Current Income of Individual Debtor) (A. 26-27), and her Statement of Financial Affairs ("SOFA") (A. 31-38) were materially inaccurate. Specifically, appellant identified 95 Marvin Avenue, Uniondale, New York, which she owned jointly with her husband, Julio Burgos ("Julio" or "husband"), as the only real property she owned. (A. 14.) During the 341 Meeting, however, appellant testified that she owned rental property at 159 Holland Street, Syracuse, New York (the "Holland Street Property"), that her ownership interest was free and clear of liens and encumbrances, and that the Holland Street Property was an income producing property. (A. 58-62, 65.) The Trustee also discovered that appellant failed to disclose that she owned real property at 230 Hudson Street, Syracuse, New York (the "Hudson Street Property"), another income producing property. (A. 96-98.) Appellant failed to list the rental income from the Hudson Street Property on her SOFA (*see* A. 60) or turnover the post-petition rental payments to the Trustee. (A. 31-38, 108-09.) Appellant indicated that she was employed by the United Nations Secretariat as a Clerk, and that her average monthly income, combined with her husband's income, was $8,128.47. (A. 26.) Appellant failed to include the income of her mother, who resided at appellant's residence, any income generated from the Hudson Street Property, and any other property that was owned or controlled by appellant or her husband. (A. 26-27, 72.)

Appellant failed to comply with repeated requests by the Trustee to turnover documents required to assist in the administration of her estate. (A. 108-09.) The Trustee was ultimately compelled to seek an order from the Bankruptcy Court directing appellant to provide a lengthy list of documents, as well as to turnover all rent collected from Syracuse real property. (A. 108-09.) On May 15, 2009, the Bankruptcy Court entered an Order ("May 15 Order") directing appellant to produce the requested information and documents by May 29, 2009. (A. 108-09.) Appellant provided some documents, but did not provide bank statements and cancelled checks for all accounts for herself and her husband for the period January 1, 2007 through February 28, 2009 ("Bank Records"). The Bank Records were crucial to the Trustee's investigation as they related to, among other things, various

---

[2] Although the Court also finds that the appeal could be dismissed as untimely (as discussed *infra*), the Court (in an abundance of caution) has examined the merits and affirms the August 18, 2011 Judgment on the merits.

[3] "A." refers to the Appendix, filed by appellee on July 6, 2012.

2

real estate transactions involving the appellant.

Based on the appellant's limited production of information, the Trustee discovered that, prior to the Petition Date, in or about December 2007, Burgos transferred $24,800 from her bank account to her husband to purchase property located at 881 East George Street, Banning, California ("the California Property") in Julio's name only. (A. 110-13.) Burgos did not identify the transfer of these funds on either her SOFA or on her Schedule B, despite the fact that the transfer occurred within two years of the filing of her petition. (A. 31-38, 15-17.) Appellant also transferred funds to her daughter, Veronica Clara ("Veronica" or "daughter"). She transferred $40,000 on March 15, 2007, and $37,000 on July 3, 2007. (A. 114-15.) Again, appellant did not identify these transfers on her SOFA, nor did she list these transfers on her Schedule B or testify about these transfers, even though these transfers occurred within two years preceding the transfer date. (A. 34, 81-90.)

Due to appellant's noncompliance with the May 15 Order by failing to (1) turnover rents and (2) to disclose her transfers to her family members and her interest in the Hudson Street Property, the Trustee filed a complaint on September 9, 2009 seeking to deny appellant a discharge. (A. 116-24.) On November 17, 2009, the appellant filed a motion to convert her bankruptcy case from Chapter 7 to one under Chapter 13, and on January 5, 2010, the Bankruptcy Court entered an order granting the motion to convert the case to one under Chapter 13. (A. 125-26.) Following the conversion, the Bankruptcy Court entered an Order dismissing the Trustee's adversary proceeding without prejudice to the Trustee re-filing the complaint in the event Burgos's case was reconverted to Chapter 7. (A. 126-28.) On September 27, 2010, appellant's case was reconverted to Chapter 7, and on November 18, 2010, the Trustee re-filed the Complaint. (A. 129-30.)

On June 29, 2011, the Bankruptcy Court conducted a trial of the Adversary Proceeding (the "trial"). On the first day of the trial, prior to taking any testimony, the Bankruptcy Court asked appellant if Ronald Reid, Esq. ("Reid") would be representing her. (A. 134.) The appellant informed the Bankruptcy Court that Reid was no longer her attorney and there her new lawyer was Yolanda Corion ("Corion"). (A. 134.) After a lengthy colloquy between the Bankruptcy Court and Corion, Corion indicated that she would not be representing appellant and appellant would be appearing *pro se*. (A. 143.) During the trial, the Bankruptcy Court heard testimony from appellant and admitted into evidence twenty-five exhibits, which the Trustee annexed to his pre-trial memorandum. On August 18, 2011, the Bankruptcy Court entered a Judgment denying appellant her discharge. (A. 170.)

On September 1, 2011, appellant filed a post-judgment motion seeking to vacate the Judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, on the ground of ineffective assistance of counsel. She also filed a Notice of Appeal of the judgment. (A. 3-4, 171-87.) Under Rule 8002 of the Federal Rules of Bankruptcy Procedure, the filing of the Notice of Appeal was premature and ineffective until the Bankruptcy Court ruled on the motion for reconsideration. Following a hearing, on October 24, 2011, the Bankruptcy Court issued an Order denying the reconsideration motion in its entirety. (A. 188-89.)

II. PROCEDURAL HISTORY

On October 28, 2011, the appeal was entered on this Court's docket. On April 3, 2012, the Court ordered appellant to advise

3

the Court as to whether she intended to continue the appeal, and, if so, to explain why she had not filed a brief. On April 13, 2012, appellant responded that she intended to file a brief, but gave no explanation for her failure to timely submit a brief. On April 26, 2012, appellant wrote to the Court seeking instructions on how to file the brief. On May 3, 2012, the court provided instructions, set a briefing schedule, and, again noted that appellant "must, in her brief, explain why she failed to submit a brief in a timely manner." Appellant filed her brief on June 5, 2012. Appellee filed his brief on July 6, 2012. Appellant filed her reply brief on August 13, 2012. The Court has fully considered the arguments and submissions of the parties.

### III. STANDARD OF REVIEW

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that a reviewing court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree" or it may "remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *See Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 65 (2d Cir. 2007); *see also Lubow Mach. Co. v. Bayshore Wire Prods. Corp. (In re Bayshore Wire Prods. Corp.)*, 209 F.3d 100, 103 (2d Cir. 2007) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, . . . its conclusions of law *de novo*, . . . its decision to award costs, attorney's fees, and damages for abuse of discretion." (citations omitted)); *accord Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs Inc.)*, 922 F.2d 984, 988-89 (2d Cir. 1990). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp.*, 610 F.3d 44, 51 (2d Cir. 2010) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Collins v. Hi-Qual Roofing & Siding Materials, Inc.*, Nos. 02-CV-0921E(F), 02-CV-0922E(F), 2003 WL 23350125, at *4, n.16 (W.D.N.Y. Dec. 18, 2003) ("[A] finding is only clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. This standard precludes this Court from reversing the Bankruptcy Court's decision if its account of the evidence is plausible, even if this Court is convinced that it would have weighed the evidence differently." (quoting *In re B. Cohen & Sons Caterers, Inc.*, 108 B.R. 482, 484 (E.D. Pa. 1989)).

### IV. DISCUSSION

#### A. Untimeliness

Rule 8009 of the Federal Rules of Bankruptcy Procedure states that "[u]nless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits[,] [t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr. P. 8009. This time limitation is not jurisdictional; rather "the court should exercise discretion to determine whether dismissal [due to failure to timely file a brief] is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." *Balaber-Strauss v. Reichard (In re Tampa Chain Co.)*, 835 F.2d 54, 55 (2d Cir. 1987) (per curiam) (collecting cases); *see also* Fed. R. Bankr. P. 8001(a) ("An appellant's failure to

take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."). Among the factors that the Court may consider in determining if dismissal is appropriate is whether there is a showing of bad faith, negligence, or indifference. *See In re Tampa Chain Co.*, 835 F.2d at 55; *accord Futterman v. Zurich Capital Corp. (In re Futterman)*, 99-CV-8793 (DAB), 2001 U.S. Dist. LEXIS 3177, 2001 WL 282716, at *7 (S.D.N.Y. Mar. 21, 2001). Generally, courts permit the late filing of a brief where the failure to file the brief is the result of excusable neglect. *See In re Bucurescu*, 01 Civ. 2799 (SHS), 2003 U.S. Dist. LEXIS 9341, at *5 (S.D.N.Y. June 4, 2003) (citing Fed. R. Bankr. P. 9006(b)(1)(2)). "A court should consider all relevant circumstances when applying the 'excusable neglect' standard, including 'the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* at *5-6 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997) (per curiam) (applying *Pioneer* factors)).

Many courts have found an appellant's failure to timely file a brief inexcusable where, as here, the appellant failed to provide an explanation for her failure to file an appellate brief many months after the Notice of Docketing Bankruptcy Appeal. *See, e.g.*, *In re Tampa Chain Co.*, 835 F.2d at 56 (affirming the dismissal of an appeal from bankruptcy court where appellant failed to file a brief for seven months after the due date and provided no excuse); *In re A & J Elastic Mills, Inc.*, 34 B.R. 977, 978-79 (S.D.N.Y. 1983) (finding a delay of almost three months unreasonable and inexcusable despite the alleged disappearance of the record of proceedings, because the creditor failed to contact the court for over two months); *see also Adler v. Bancplus Mortg. Corp.*, 108 B.R. 435, 438 (S.D.N.Y. 1989) ("[F]ailure to file a timely brief may result in dismissal of the appeal.").

In this case, although appellant filed a timely appeal, which was entered on October 28, 2011, she thereafter failed to file a brief within fourteen days, as required by Bankruptcy Rule 8009. On April 3, 2012 – more than four months after appellant's brief was due – the Court ordered appellant to advise the Court as to whether she intended to continue the appeal, and, if so, to explain why she had not filed a brief. On April 13, 2012, appellant responded that she intended to file a brief, but gave no explanation for her failure to submit a brief within fourteen days of October 28, 2011. On April 26, 2012, appellant wrote to the Court seeking instructions on how to file the brief. On May 3, 2012, the court provided instructions, set a briefing schedule, and, again noted that appellant "must, in her brief, explain why she failed to submit a brief in a timely manner."

Appellant filed her brief on June 5, 2012. In the brief, she explains that, as a *pro se* appellant, she was "unsure of the appropriate procedure in handling the task at hand." (Appellant's Br. at v.) Lack of familiarity with the rules is not a sufficient explanation to constitute excusable neglect. When Burgos's bankruptcy appeal was docketed, the Clerk of the Court mailed her a Notice that stated, "Filing and service of the briefs and appendix are to be accomplished in accordance with Rule 8009 of the Bankruptcy Rules and/or the

5

Individual Judge's Court Rules." (Notice of Docketing Bankruptcy Appeal, Nov. 3, 2011, ECF No. 2.) Rule 8009 clearly states the time limits for filing and serving a brief. Plaintiff's alleged inability to comprehend and adhere to the requirements of Rule 8009 is particularly inexcusable in light of her compliance with other procedural requirements, including her timely filing of the notice of appeal and the statement of issues to be presented on appeal. Moreover, the fact that appellant is *pro se* does not alter this analysis. *See e.g.*, *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("*[P]ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."); *Truong v. Kartzman (In re Truong)*, 388 B.R. 43, 45 (S.D.N.Y. 2008) ("although pro se litigants . . . are generally afforded some latitude, they are nonetheless required to learn and comply with procedural rules); *see also Babcock v. Philp*, No 08-CV-1158 (JFB), 2008 U.S. Dist. LEXIS 88329, 2008 WL 4948447, at *1 (E.D.N.Y. Oct. 31, 2008) (dismissing *pro se* bankruptcy appeal for failure to file timely appellate brief). Accordingly, plaintiff has not demonstrated excusable neglect for her failure to timely file a brief in this appeal, and the appeal could be dismissed on that ground alone. Nonetheless, in an abundance of caution, this Court has examined the merits of her claims, and concludes that her appeal also fails on the merits.

### B. Appellant Was Not Denied Due Process or Right to Confrontation

Appellant argues that her "constitutional rights to confrontation and due process were violated by the lack of the government's submissions of the proof of claims." (Appellant's Br. at 4.) She further argues that she was denied the right "to challenge the alleged claims made by any of the enlisted secured creditors." (Appellant's Br. at 9 (emphasis omitted).) As a threshold matter, appellant failed to list either of these issues on her Statement of Issues (A. 5-6), thereby waiving the issues. *See Ogle v. IRS (In re Agway, Inc.)*, 6:09-CV-1049, 2011 U.S. Dist. LEXIS 86774, at *7 (N.D.N.Y Aug. 5, 2011). In an abundance of caution, however, the Court reaches the merits of these issues and affirms the Bankruptcy Court's judgment.

Burgos's assertion that no proofs of claim were filed has absolutely no basis in fact, as eleven proofs of claim were filed with the Clerk of the Bankruptcy Court in the sum of $430,169.70. (A. 195-98.) In a Chapter 7 case, "if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims." Fed. R. Bankr. P. 2002(e). If a trustee subsequently notifies the court of a discovery of assets, the Clerk will notify creditors of such discovery and provide at least ninety days' notice of the "date by which proofs of claim must be filed." Fed. R. Bankr. P. 3002(c)(5).

Burgos filed her bankruptcy petition on February 23, 2009. (A. 8.) On February 26, 2009, the Bankruptcy Court provided notice of the meeting of creditors. (A. 190-91.) The notice directed creditors *not* to file a proof of claim until receiving notice to do so, pursuant to Rule 2002(e). On March 31, 2009, the Trustee filed notice that funds would be available for distribution. (A. 192.) The next day, April 1, 2009, the Clerk gave notice to all creditors that all claims must be filed on or before July 2, 2009. (A. 193.) On September 27, 2010, appellant's case was reconverted from Chapter 13 to Chapter 7, and, on December 29, 2010, the Clerk gave notice to creditors that if a proof of claim

6

had not been previously filed, one must be filed on or before March 29, 2011. (A. 130, 194.) According to the Claims Register maintained by the Clerk of the Bankruptcy Court, by March 29, 2011, eleven claims were filed, in a total amount of $430,169.70. (A. 195-98.) Thus, Burgos's claim that creditors failed to file proofs of claim is utterly false and frivolous.

Additionally, to the extent that Burgos argues that her pre-petition property should be returned, (Appellant's Br. at 10.), it is the Trustee's duty to collect and liquidate the property of the estate and to distribute such funds to general unsecured creditors. 11 U.S.C. § 704(a); 11 U.S.C. § 541; *In re Fournier*, 169 B.R. 282, 284-85 (Bankr. D. Conn. 1994). Thus, the Court rejects appellant's argument that her pre-petition property should be returned.

Burgos's claim that she was denied the right to challenge the claims made by secured creditors is also without merit, because debtors generally lack standing to challenge claims against the bankruptcy estate. Under the Bankruptcy Code, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A Chapter 7 debtor is a "party in interest" only if "there could be a surplus after all creditors' claims are paid. This rule applies to a debtor's standing to object to a claim against the estate." *Pascazi v. Fiber Consultants, Inc.*, 445 B.R. 124, 127 (S.D.N.Y. 2011) (citations omitted); *see In re Manshul Constr. Corp.*, 223 B.R. 428, 429 (Bankr. S.D.N.Y. 1998) ("The term 'party in interest' is not defined in either the Code or the Federal Rules of Bankruptcy Procedure, but 'the phrase has generally been interpreted in a Chapter 7 case to refer to creditors of the debtor who have claims against the estate and whose pecuniary interests are directly affected by the bankruptcy proceedings.'" (quoting *Slack v. Saint Paul/Seaboard Sur. Co. (In re Slack)*, 164 B.R. 19, 22 (Bankr. N.D.N.Y. 1994)). Because a surplus is highly unlikely in a liquidation proceeding, a debtor will rarely have standing to object to a claim. *See Pascazi*, 445 B.R. at 127 (a debtor will have standing to object to a claim if he can demonstrate a "reasonable possibility of a surplus once all claims are paid." (quotation omitted)).

In this case, Burgos fails to allege that there will be a surplus after all creditors' claims are paid, let alone demonstrate a reasonable possibility of a surplus after all claims are paid. Burgos also fails to indicate which claims are objectionable and the grounds upon which her objections would be based. Thus, the Court finds no merit to Burgos's claim that she was denied the right to challenge the claims made by secured creditors.

### C. Appellant was Not Denied Effective Assistance of Counsel

Appellant argues that she was denied the effective assistance of counsel, but does not assert any arguments in support of this claim. (Appellant's Br. at 3.) Appellant raised this issue in her Motion to Vacate the Judgment of the Bankruptcy Court pursuant to Rule 60(b), which the Bankruptcy Court denied. For the reasons set forth below, this Court finds that appellant was not denied the effective assistance of counsel, and affirms the Bankruptcy Court's decision.

Rule 60(b), which is applicable to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9024, affords a party relief from a judgment if there existed

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence . . .; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

When a party seeks relief from a judgment as a result of ineffective assistance of counsel or attorney error, such relief is sought under subsection (1) of Rule 60(b). *See In re Critical Care Support Servs.*, 236 B.R. 137, 142 (E.D.N.Y. 1999) (stating that such relief is often sought on a "theory that such error constitutes mistake, inadvertence, surprise or excusable neglect") (quotation omitted).

This Court reviews the grant or denial by the Bankruptcy Court of a motion for relief from judgment pursuant to Rule 60(b) for abuse of discretion.[4] *See In re Lawrence*, 293 F.3d 615, 623 (2d Cir. 2002) ("The District Court would have been required to review for abuse of discretion any decisions by the Bankruptcy Court with respect to Rule 60(b), and we would have then reviewed the District Court's decision *de novo*."); *In re Teligent, Inc.*, 326 B.R. 219, 224 (S.D.N.Y. 2005) ("[W]ith respect to the denial of a Rule 60 motion, the decision by the Bankruptcy Court is reversed only for an abuse of discretion."); *see also Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986) ("A motion seeking [Rule 60(b)] relief is addressed to the sound discretion of the district court with appellate review limited to determining whether that discretion has been abused." (citations omitted)). Under this standard, a court "'would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). "'An appeal from the denial of a motion for relief under Rule 60 brings up only the denial of the motion and not the [merits of the underlying] judgment itself.'" *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994) (alteration in original) (citation and quotations marks omitted)).

"'Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment.'" *In re Bulk Oil (USA) Inc.*, Nos. 93 Civ. 4492, 4494 (PKL), 2007 U.S. Dist. LEXIS 27346, 2007 WL 1121739, at *29 (S.D.N.Y. Apr. 11, 2007) (quoting *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999)). However, Rule 60(b)(1) will not provide a movant an additional opportunity to make arguments or attempt to win a point already "carefully analyzed and justifiably disposed." *Id.* at *30 (internal quotation and citation omitted). The Second Circuit has instructed that relief under Rule 60(b) is "extraordinary" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer*, 793 F.2d at 61; *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). Courts "have consistently declined to relieve a client under subsection (1) of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload." *Nemaizer*, 793 F.2d at 62 (quotations and citations omitted).

---

[4] However, even if this Court reviewed the Bankruptcy Court's determination under a *de novo* standard of review, it would reach the same determination, for the reasons discussed *infra*.

8

Appellant in this case does not identify any purported errors by counsel that support a finding of ineffective assistance of counsel. Attorney Ronald Reid assisted appellant with the preparation of her petition, and appeared at the 341 Meeting. Appellant does not identify any errors Reid may have committed in performing these tasks. Immediately prior to trial, appellant stated that Reid, who neither filed an answer to the complaint nor appeared in the Adversary Proceeding, was no longer her attorney.[5] (A. 134.) Additionally, appellant was not represented by counsel at trial. (A. 143-45.) Thus, since appellant was not represented in the adversary proceeding or at trial, appellant is unable to direct the Court's attention to any specific instances of attorney error. Since the appellant did not provide any evidence whatsoever of "extraordinary" or "exceptional" attorney error (or any error at all), the Bankruptcy Court properly concluded that this was not one of the rare instances where rescinding a prior judgment was warranted.

To the extent that Burgos argues that her own errors during her *pro se* representation provided the grounds needed for the Bankruptcy Court to vacate its prior judgment, the Bankruptcy Court was correct in denying relief, since relief for one's own mistakes or ignorance of the law is not available. For the reasons set forth above, the Bankruptcy Court correctly denied appellant's Motion to Vacate the Judgment denying her discharge.

### D. The Bankruptcy Court Properly Denied Appellant Her Discharge

In this appeal, appellant raised only the issues discussed above concerning the proofs of claim and ineffective assistance of counsel, which the Court has already concluded are frivolous. Nowhere in appellant's papers does she contest the merits of the Bankruptcy Court's denial of her discharge. However, in an abundance of caution, this Court has reviewed the record, which clearly demonstrates that there were multiple grounds for denial of discharge, as discussed below.

The Bankruptcy Code discharges preexisting debts in order to give "honest but unfortunate" debtors a fresh start. *Cohen v. de la Cruz*, 523 U.S. 213, 217 (1998) (quotation marks omitted). A discharge releases a debtor from personal liability for all allowed claims and debts that arose prior to the commencement of the debtor's bankruptcy case. *See* 11 U.S.C. § 727(b). However, the Bankruptcy Code contains numerous exceptions to the "fresh start" principle and denies relief to debts resulting from certain types of undesirable behaviors, such as fraud. Section 727 of the Bankruptcy Code enumerates several circumstances that require the denial of discharge. 11 U.S.C. § 727(a).

For example, 11 U.S.C. § 727(a)(3) provides for denial of discharge if a debtor fails to keep or preserve information regarding the debtor's financial condition and fails to produce such documentation in connection with her bankruptcy petition. Burgos failed to disclose in her Petition, Schedules and SOFA and during the 341 Meeting, that, during the two years prior the Petition Date, Burgos transferred sums of

---

[5] In any event, to the extent that appellant may be trying to assert that Reid was ineffective in failing to submit certain information to the Bankruptcy Court, even when appellant became aware in the 341 Meeting that she had failed to disclose material information, and then was ordered by the Bankruptcy Court to provide such information, she still failed to rectify these issues. In fact, after these issues arose, appellant hired a new attorney and then ultimately decided to proceed *pro se* at the trial. Thus, appellant cannot blame the results of the trial on Reid's performance.

money to her husband and daughter. (A. 110-115.) Burgos also failed to disclose that she owned the Hudson Street Property, from which she received monthly rental income. (A. 14, 26-27.) Thus, Burgos "concealed . . . recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained," pursuant to 11 U.S.C. § 727(a)(3). Furthermore, Burgos has not offered an explanation to "justif[y] under all of the circumstances of the case" her failure to produce this information. Accordingly, denial of discharge is warranted under Section 727(a)(3).

Similarly, 11 U.S.C. § 727(a)(4)(A) provides for denial of discharge if a debtor makes a false oath or account in connection with her bankruptcy petition. Burgos failed to identify that she owned the Hudson Street Property and failed to list the rental income derived from the Holland Street and Hudson Street Properties. (A. 14, 26-27.) She also failed to disclose in her Petition and Schedules that her mother, who resides in her home, received monthly social security income. (A. 26-27, 72.) Debtors are required to disclose in the petition all sources of income. *See* 11 U.S.C. § 521. Accordingly, denial of discharge is warranted under Section 727(a)(4)(A).

Denial of discharge is also permitted where "the debtor has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). In her Petition, Schedules, SOFA, and at the 341 Meeting, Burgos failed to disclose the transfers to her husband and daughter. She also failed to turnover the rents from the Hudson and Holland Street Properties. (A. 7-53, 54-95, 99-102, 108-09.) In the record and on appeal, Burgos submitted no evidence to explain her failures to disclose these transfers and to turnover the rents. Accordingly, denial of discharge is warranted under Section 727(a)(5).

Finally, 11 U.S.C. § 727(a)(6)(A), provides for denial of discharge where a debtor refuses "to obey any lawful order of the court." Burgos failed to comply with the Bankruptcy Court's May 15 Order by failing to provide an accounting for the rental income she received from the Holland Street Property. (A. 99-102, 108-09.) Accordingly, denial of discharge is warranted under Section 727(a)(6)(A).

V.  CONCLUSION

For the foregoing reasons, the Court affirms the August 18, 2011 Judgment of the Bankruptcy Court in its entirety. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:  September 10, 2012
        Central Islip, NY

\* \* \*

Appellant is proceeding *pro se*: 95 Marvin Avenue, Uniondale, NY 11553.  Appellee Marc A. Pergament is represented by Weinberg, Gross & Pergament, LLP 400 Garden City Plaza, Suite 403 Garden City, NY 11530.

10